'(156 App. Div. 547.)

### TUR et al. v. ARRUE.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

DISCOVERY (§ 59*)—EXAMINATION BEFORE TRIAL—SERVICE OF ORDER.

> Code Civ. Proc. § 873, relating to service of an order for examination before trial upon the party to be examined, prescribes the time within which the service shall be made as to the party, but does not refer to service upon his attorney; and section 875 provides that a copy of the order and affidavit must be served upon the attorney of each party "in like manner as a paper in the action." *Held*, that a copy of the order and affidavit was not required to be served upon the party's attorney on the same day on which service was made upon the party; it being sufficient if service on the attorney was made within a reasonable time before the examination.

> [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 73; Dec. Dig. § 59.*]

Appeal from Special Term, New York County.

Action by Jose B. Tur and another, doing business, etc., against Miguel S. Arrue. From an order granting motion to vacate order for examination of one of plaintiffs before trial, defendant appeals. Reversed, and motion to vacate order of examination denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Louis O. Van Doren, of New York City, for appellant.
Ralph J. M. Bullowa, of New York City, for respondents.

DOWLING, J. On March 8, 1913, an order was duly made for the examination before trial of the plaintiff Jose B. Tur on March 14, 1913, and a subpœna duces tecum was issued, directing him to produce at the same time certain books and papers, that he might make use of the same to refresh his recollection upon his examination. By the order it was provided that service of a copy thereof and of the affidavit upon which it was granted should be made upon Tur within the state on March 8th. That direction was duly complied with. A copy of the order and of the accompanying affidavit was not served upon Tur's attorney until the following Monday (March 10th), and the order for examination has been vacated because of the failure to make such service on the attorney on the same day as that on which service was directed to be made upon the client.

We think this was error. Section 873, Code of Civil Procedure, refers to service upon the party to be examined, and prescribes the time within which the same shall be made, but contains no reference to service upon the attorney. Section 875 requires that "a copy of the order, and of the affidavit upon which it was granted, must be served upon the attorney for each party to the action, in like manner as a paper in the action." This does not refer to the time of service, but to the method thereof. Where, therefore, the order requires service to be made upon the party to be examined, and the time when service to be so made is therein specified, and complies with the provisions of the Code in that respect, the service upon the attorney for

the party is not required to be made within the time limited by the order, but may be made within a reasonable time before the examination. We deem four days such a time.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion to vacate the order of examination denied, with $10 costs. Settle order on notice. All concur.